UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CURTIS RICHARDSON, #269166, | Civil Action No.: 4:08-2791-RBH-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| BRIAN ANDERSON, DANIEL GRIGG, SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE AND PARDON SERVICES, and CLERK OF COURT, ADMINISTRATIVE LAW COURT, | |
| Defendants. | |

**I.   INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this action against the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) and the Clerk of Court for the Administrative Law Court in the Richland County Court of Common Pleas on July 2, 2008. Defendants removed the case to this Court on August 2, 2008. Plaintiff filed an Amended Complaint on May 22, 2009, adding Brian Anderson and Daniel Grigg as Defendants. Plaintiff asserts that Defendants have violated his right to access the Administrative Law Court. He also asserts that the SCDPPPS placed him on parole in June of 2005 with the knowledge that his sentence had expired.

Presently before the Court are Defendants' Motion for Summary Judgment (Document # 44) and Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (Document # 53). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d

309 (4th Cir. 1975), that a failure to respond to the Motion for Summary Judgment could result in the dismissal of his claims. Plaintiff timely filed a Response (Document # 57) to the Motion for Summary Judgment.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because these motions are potentially dispositive, this Report and Recommendation is entered for review by the district judge.

## II. FACTS

In August 1998, a grand jury indicted Plaintiff for first degree burglary. Subsequently, a grand jury indicted Plaintiff for second degree burglary in February 2000. During the proceedings and in the presence of the jury, Plaintiff held up a sign that read: "State v. Richardson High-tech lynching in progress." Plaintiff's first trial ended in a mistrial and Plaintiff's conviction for criminal contempt based on his misbehavior during trial. A jury convicted Plaintiff of second degree burglary in September 2000 and Plaintiff received a twelve (12) year sentence. At the times relevant to the Complaint, Plaintiff was serving the twelve (12) year sentence for second degree burglary.

On June 24, 2005, Plaintiff was released to parole on his second degree burglary charge. Anderson Aff. ¶ 2. On June 27, 2005, Plaintiff reported to his parole officer, Anderson, and was advised of the conditions of his parole, his monetary obligations, the requirement of substance abuse counseling and the need for him to report every month as required. Anderson Aff. ¶ 3. Plaintiff's next scheduled office visit was July 5-7, 2005. Id. However, Plaintiff failed to report as required on July 5-7, 2005. Id. at ¶ 4. On July 11, 2005, Anderson called Plaintiff and reprimanded him for failing to report and advised Plaintiff that his next report date would be August 1, 2005. Id.

On August 1, 2005, Plaintiff reported and met with another probation agent. Id. at ¶ 5. Plaintiff was again reprimanded for failing to report in July and advised that he was behind in his restitution payment. Id. Plaintiff was also advised that his next report would be September 5-8, 2005. Id.

Plaintiff failed to report as required on September 5-8, 2005. Id. at ¶ 6. On October 5, 2005, Anderson attempted to call Plaintiff, but the number given was disconnected. Id. On October 17, 2005, the SCDPPPS learned that Plaintiff was in the J. Reuben Long Detention Center in Horry County, South Carolina, on charges of not having a license, operating an uninsured vehicle, simple possession of marijuana, possession crack cocaine and driving under suspension. Id. at ¶ 7. The SCDPPPS issued a warrant based on Plaintiff violating the conditions of his parole and recommended revoking Plaintiff's parole. Id. On October 18, 2005, the warrant was served on Plaintiff at the J. Reuben Long Detention Center and a parole revocation hearing was scheduled for November 2, 2005. Id.

On November 2, 2005, Plaintiff reported to Anderson's office and was advised that his revocation hearing was rescheduled for November 9, 2005. Id. at ¶ 8. On November 9, 2005, the hearing officer decided to forward Plaintiff's case to the Parole Board. Id. at ¶ 9. On December 14, 2005, the Parole Board revoked Plaintiff's parole. Id. The SCDC released Plaintiff on July 27, 2006, due to the expiration of his twelve year sentence for second degree burglary.

On November 16, 2005, Plaintiff filed an Application for Post-conviction Relief ("PCR") in the case captioned Curtis Dale Richardson, #269166 v. State, Civil Action Number 2005-CP-26-5860. Grigg Aff. ¶ 2. On February 10, 2006, Plaintiff filed a second PCR application containing the same allegations as those raised in case 2005-CP-26-5860. Id. As a result, the two

cases were merged into one action, bearing Civil Action Number 2005-CP-26-5860. Id. On July 27, 2006, an evidentiary hearing was held before the Honorable Steven H. John and Plaintiff was represented by counsel. Id. Plaintiff's PCR alleged that he was being held in custody unlawfully due to the expiration of his sentence for second degree burglary and certain jail time credits were not applied to his sentence. Id. By Order filed August 28, 2006, Judge John denied Plaintiff relief and dismissed his PCR with prejudice based on the statute of limitations and successiveness. Id. By Order filed April 22, 2009, the South Carolina Supreme Court dismissed Plaintiff's appeal and issued the remittitur on May 8, 2009. Id.

On November 5, 2007, Plaintiff filed for PCR in the case captioned Curtis D. Richardson, #269166 v. State, Civil Action Number 2007-CP-26-6934. Id. at ¶ 3. On June 12, 2008, an evidentiary hearing was held before the Honorable J. Michael Baxley and Plaintiff was represented by counsel. Id. Plaintiff's PCR alleged ineffective assistance of counsel, contending that his trial attorney coerced his guilty plea, that the court lacked jurisdiction and that due process was violated during his guilty plea for trafficking crack cocaine. Id. By Order filed July 18, 2008, Judge Baxley denied Plaintiff relief and dismissed his PCR with prejudice based on Plaintiff's failure to present any evidence regarding lack of subject matter jurisdiction and due process violations. Id. Judge Baxley further found that Plaintiff failed to prove that his guilty plea was coerced by his trial attorney under promise of an appeal bond. Id. Finally, Judge Baxley found that Plaintiff was not entitled to a belated appeal of his guilty plea. Id. On August 5, 2008, Plaintiff filed a Motion to Alter or Amend Judgment pursuant to Rules 59(e) and 60 of the South Carolina Rules of Civil Procedure. Id. At the time Defendants filed the present motion, the Motion to Alter or Amend was still pending. Id.

On October 6, 2003, Plaintiff filed a Step 1 grievance (ECI 849-03) alleging that the adoption

of the Truth in Sentencing statutes of South Carolina made parole mandatory in South Carolina, that his sentence start date was incorrect and that he was denied parole. Coleman Aff. ¶ 2. The Inmate Grievance Coordinator ("IGC") responded that the SCDC does not have jurisdiction over another agency's decisions and advised Plaintiff to contact the SCDPPPS. Id. Plaintiff's grievance was therefore denied. Plaintiff did not appeal this decision. Id.

### III. STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data

General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. Plaintiff's Allegations

In his Complaint, Plaintiff asserts that he has attempted to file an ALJ appeal since February of 2008 but the Clerk of Court for the Administrative Law Court has failed to file an appeal in violation of his right to access of courts. However, in his Response to Defendant's Motion for Summary Judgement, Plaintiff asserts that he waives all claims against the Clerk of Court. Thus, the Court will address only Plaintiff's claims against the remaining Defendants, SCDPPPS, Anderson, and Griggs.[1] Plaintiff asserts that the SCDPPPS placed him on parole in June of 2005

---

[1] Summary Judgment is appropriate as to Plaintiff's claims against the Clerk of Court because he has failed to present facts sufficient to sustain a cause of action for violation of his rights regarding access to courts. He has provided no evidence that he suffered any injury as a

with the knowledge that his sentence had expired, which caused him to be sent back to jail in November of 2005, even though his sentence had already expired. Plaintiff seeks monetary damages in the amount of one million dollars.

### B. Failure to Exhaust Administrative Remedies

Defendants argue that Plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review

---

result of the alleged violation. See, e.g., Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993).

is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

The only grievance that appears to be related to claims raised in this action is the one filed on October 6, 2003. On that date, Plaintiff filed a Step 1 grievance (ECI 849-03) alleging that the adoption of the Truth in Sentencing statutes of South Carolina made parole mandatory in South Carolina, that his sentence start date was erroneous and that he was denied parole. Coleman Aff. ¶ 2. The Inmate Grievance Coordinator ("IGC") responded that the SCDC does not have jurisdiction over another agency's decisions and advised Plaintiff to contact the South Carolina Department of Probation, Parole and Pardon Services. Id. Plaintiff's grievance was therefore denied. Id. It is undisputed that Plaintiff did not appeal this decision. Id.

Because Plaintiff failed to appeal the denial of his Step 1 grievance, he has failed to exhaust all administrative remedies before filing this action. Accordingly, it is recommend that summary judgment be granted for failure to exhaust administrative remedies.

In the alternative, it is recommended that summary judgment be granted on the merits of Plaintiff's claims.

### C. Defendant SCDPPPS

Plaintiff appears to bring this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct.

1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). It is well settled that only "persons" may act under color of state law. Therefore, a defendant in a section 1983 action must qualify as a "person." States and state agencies are not "persons" as defined by 42 U.S.C. § 1983 and therefore are not subject to suit under section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). SCDPPPS is a state agency, see Loftin v. South Carolina Probation and Parole, C/A No. 7:07-3792-GRA-BHH, 2008 WL 68630, * 3 (D.S.C. January 4, 2008). Therefore, it is not a person under § 1983 and is not subject to suit under § 1983. SCDPPPS is not a proper Defendant in this action and summary judgment is appropriate as to any claims against SCDPPPS.

### D. Defendant Daniel Grigg

Plaintiff's Complaint alleges misconduct on the part of Defendant Grigg in connection with his representation of the State during Plaintiff's PCR proceedings. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991). The United States Supreme Court has held that prosecutors, when acting in the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Representing the state in a PCR proceeding is such an "intimately associated" proceeding. See House v. Belford, 956 F.2d 711, 721 (7th Cir.1992). Since

Plaintiff attempts to sue Grigg for constitutional violations allegedly committed during PCR proceedings, and since Grigg is entitled to prosecutorial immunity for such activities, summary judgment is appropriate as to all claims against Grigg.

### E. Defendant Bryan Anderson

Plaintiff complains that Defendant Anderson continued with parole revocation proceedings even after Plaintiff notified him on several occasions that his sentence had expired and he should not be on parole. Anderson avers in his Affidavit that, as a Probation Agent, his responsibilities include supervising offenders released on probation/parole to make sure they meet their Court ordered requirements in completing probation/parole. Anderson Aff. ¶ 1. There is no evidence in the record that Anderson had any responsibility regarding the calculation of Plaintiff's sentence or good time credits or in otherwise determining the expiration of Plaintiff's sentence. Rather, the record reveals that on October 17, 2005, Anderson learned that Plaintiff was arrested for not having a driver's license, operating an uninsured vehicle, simple possession of marijuana, possession of crack cocaine and driving under suspension. On November 18, 2005, a warrant was served on Plaintiff and Plaintiff's parole was revoked by the Parole board on December 14, 2005. Plaintiff has failed to present evidence sufficient to show that a right secured by the Constitution or laws of the United States was violated by Anderson. Thus, summary judgment is appropriate on Plaintiff's § 1983 claims against Anderson.

In sum, for the reasons discussed above, summary judgment is appropriate on Plaintiff's § 1983 claims.

### F. State Law Claims

Plaintiff fails to submit sufficient evidence to create a genuine issue of material fact on any

of his federal causes of action. Thus, it is recommended that summary judgment be granted as to those claims. If the district judge accepts this Report and Recommendation, then the original federal jurisdiction claims will be dismissed. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, to the extent Plaintiff has raised any state law causes of action, the undersigned recommends that the district judge decline to retain jurisdiction over those claims.

## V. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

In Plaintiff's Motion, he asserts that on August 26, 2009, he was arrested illegally pursuant to some outstanding warrants after being released from the SCDC. Further, Richardson alleges that he has not been allowed to appear before a judge, was "kidnaped as a hostage," has been denied access to a telephone, paper and pens and that he "fears for his life." He asks the court to "force SCDC to stop this torture and remand this case back to Magistrate Court so that [he] can be allowed to see a judge and get released on bail or any other remedy this court deems just and proper." Motion p. 4. Besides the fact that the conduct about which Plaintiff complains was taken by entities,

such the SCDC, who are not parties to this action, Plaintiff has filed a Notice of Change of Address (Documents # 61, 62) with the Court on two occasions since his motion was filed. The second Notice of Change of Address lists a private, home address. Accordingly, Plaintiff's claims for injunctive relief are moot. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition about which he complains. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir.1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir.1983). Because Plaintiff is no longer confined in the SCDC, his Motion is moot.[2]

**VI.    CONCLUSION**

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 44) be granted, Plaintiff's Motion for Temporary Restraining Order (Document # 53) be denied as moot, and this case be dismissed in its entirety.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 4, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[2] Even if the motion for TRO was not moot, Plaintiff has not met the four requirements set out in Winter v. Natural Resources Defense Council, Inc., --- U.S. ---, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008), to warrant the requested relief.