IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis D. Richardson, ) <br> a/k/a Curtis Dale Richardson, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> South Carolina Department of Probation, ) <br> Parole, and Pardon Services, Clerk of Court ) <br> of Administrative Law Court, Brian ) <br> Anderson, and Daniel Grigg, ) <br> ) <br>     Defendants. ) <br> _____) | Civil Action No.: 4:08-cv-02791-RBH <br><br> **ORDER** |

Plaintiff, proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983.[1] This matter is now before the court for review of the [Docket Entry 63] Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III[2] filed on February 4, 2010. Also before the court are Defendants' [Docket Entry 44] Motion for Summary Judgment and Plaintiff's [Docket Entry 53] Motion for Temporary Restraining Order, Motion for Preliminary Injunction.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the

---

[1] At the time Plaintiff brought this suit he was incarcerated in the South Carolina Department of Corrections. However, since the case was filed, Plaintiff has filed two notices of change of address [Docket Entries 61 and 62]. The second Notice lists a private, home address.

[2] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) (D.S.C.).

court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the case at bar, the Magistrate Judge filed his Report and Recommendation on February 4, 2010. However, Plaintiff failed to timely file objections to the report. The deadline by which to file objections was February 22, 2010,[3] and Plaintiff's objections were not filed until the following day, February 23. Moreover, the objections filed by Plaintiff were not specific, but "general and conclusory." *Orpiano*, 687 F.2d at 47. Plaintiff's objections stated the following, verbatim:

> (1) Plaintiff objects to R&R concluding failure to exhaust administrative remedies
> (2) Plaintiff objects to R&R concluding SCDPPS is not proper defendant under 1983
> (3) Plaintiff objects to R&R concluding Grigg is entitled to prosecutorial immunity
> (4) Plaintiff objects to R&R concluding failure to show a right violated under the Constitution
> [5] Plaintiff objects to R&R concluding district court decline to retain jurisdiction over state claims
> [6] Plaintiff objects to R&R concluding claims are moot

---

[3] Specific written objections must be filed within fourteen (14) days of the date of service of the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).

Plf's. Obj. [Docket Entry 66].  A review of the Report reveals that Plaintiff's objections correspond to each of the Magistrate Judge's headings and recommendations in the Report.  As to each, Plaintiff simply objected to the Magistrate Judge's ultimate recommendation without providing any arguments, legal support, or explanation for such objections.  In short, Plaintiff attempts to object to the Magistrate Judge's entire Report, without directing the court to any specific errors made by the Magistrate Judge.  Because Plaintiff failed to file any timely, specific objections, the court reviews the Report only for clear error, and finds none.

Accordingly, for the reasons stated above and by the Magistrate Judge, the court overrules all of Plaintiff's objections and hereby adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge.  Defendants' [Docket Entry 44] Motion for Summary Judgment is hereby **GRANTED**, Plaintiff's [Docket Entry 53] Motion for Temporary Restraining Order is **DENIED** as moot, and this case is **DISMISSED** in its entirety.  Additionally, to the extent Plaintiff raised any state law causes of action, this court declines to retain jurisdiction over those claims.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 8, 2010
Florence, South Carolina